FRANK L. D'ELIA, RELATOR, v. FRANK HAGUE, JOHN SAUL, JOHN BEGGANS, MICHAEL I. FAGAN AND WILLIAM B. QUINN, BOARD OF COMMISSIONERS OF THE CITY OF JERSEY CITY, AND JOHN SAUL, SUPERINTENDENT OF BUILDINGS OF JERSEY CITY, RESPONDENTS.

Submitted June 3, 1927—Decided May 15, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Maurice J. Cronin* (*Joseph W. Henry*, of counsel).

For the respondents, *Thomas J. Brogan* and *Charles Hershenstein*.

PER CURIAM.

On July 20th, 1926, the relator applied to the building department of the city of Jersey City for a permit for the erection of a one-story brick public garage upon the premises known as lots numbers 3, 4, 5, 6, 7 and 8, city block 1841, county block 768, in the city of Jersey City, and further known as Nos. 247 to 257 Sip avenue, Jersey City. The building department refused to issue such permit, and the matter was thereupon brought before the board of commissioners of Jersey City. The commissioners denied such application upon the grounds (1) that it would endanger the health and safety of the residents of the neighborhood; (2) would be a fire hazard, and would depreciate the value of residential property in the immediate vicinity.

On January 8th, 1927, the relator obtained this rule to show cause why a writ of *mandamus* should not issue commanding the building department and the board of commissioners of Jersey City to issue such permit.

We think that the writ must be denied.

It is stipulated that the land upon which this garage was sought to be erected was zoned by ordinance of Jersey City as a residential district.

We are therefore constrained to think that this case falls within our decision in *Koplin* v. *Village of South Orange*, 6 *N. J. Mis. R.* 489.

The result is that the rule to show cause in the present case will be discharged and the writ of *mandamus* denied accordingly.

Having reached the conclusion stated, we deem it important to all parties in interest to announce it promptly, and we do so in this somewhat informal manner in order to en-

able the relator to avail himself of the earliest possible opportunity for review, if a review is desired. And if a review is desired, the relator is hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.